### Daniel A. Haas v. E. H. Tegtmeier.

1. INSTRUCTIONS—*containing general propositions of law may be refused.* Instructions, though correct in principle, if they contain merely general propositions of law not specifically applied, may be refused.

Action in case. Appeal from the Circuit Court of St. Clair county; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

DILL & PFINGSTEN, for appellant.

SCHAEFER & FARMER, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action on the case by appellant to recover damages from appellee, a physician, for having, as alleged, negligently and carelessly communicated the disease of small-pox to appellant and his four minor children, while appellee was in professional attendance upon appellant's wife.

The first count of the second amended declaration, on which the trial was had, charged that appellee was, at the time he was attending appellant's wife, also attending a man named Lang, who was afflicted with the small-pox; that small-pox is a contagious disease, and it then and there became the duty of appellee to exercise reasonable care and caution to prevent spreading

said contagious disease to the appellant, but that he disregarded his said duty and carelessly and negligently came directly from said Lang to the house of appellant, without using due care and caution to prevent carrying said contagious disease to the appellant; that by reason of such carelessness and negligence appellee caused appellant and four of his minor children to take said disease. The second count was in effect the same as the first, but set out more at length and in detail the matters relied on for recovery. After the trial commenced appellant filed what he called an amendment to the second count, but which appears to have been an independent additional count. The so-called amendment alleged that while appellee was treating appellant's wife, appellant learned that appellee was also treating said small-pox patient; that appellant thereupon told appellee he must cease to treat his wife and desist from visiting his house; that appellee then told appellant that he had not and would not enter the house of said Lang, nor would he go into the room where Lang was confined, but that he had treated Lang from the outside of the room by seeing him through the window and would continue to so treat him, and assured appellant that there was no danger of communicating said disease from Lang to appellant or his family; that relying upon these assurances appellant permitted appellee to continue to treat his wife until her death, some five days later; that such statements made by appellee were false, and that appellee had, prior to the time of making said assurances, entered the house and room in which Lang was confined and continued to enter the same and treat said Lang until the death of Lang on January 1, 1905, and thereby caused appellant and four of his minor children to take said disease. To the second count so amended, appellee filed a general and special demurrer, one of the special causes of demurrer being that the count, as amended, stated an action in assumpsit and changed the cause of action from case to assumpsit. The demurrer

was sustained, and this action on the part of the trial court is assigned by appellant as error, and is the principal subject of discussion by counsel on both sides.

If the so-called amendment is to be considered as part of the second count, then the count as amended was bad on general demurrer. The allegation of the count before it was amended and the theory upon which it was based, was that it was the duty of appellee to exercise reasonable care and caution to prevent carrying the disease from the small-pox patient to appellant's family; that he neglected to do so and that by reason of his carelessness and negligence in failing to take the necessary precautions to prevent carrying the disease, he conveyed the same to appellant and his four minor children. The theory on which the cause of action stated in the amendment is based, is that appellee promised appellant if he should be permitted to continue to treat appellant's wife he would not enter the house of Lang, nor go to the room in which he was confined, but would treat said small-pox patient from outside of the room by seeing him through the window, at the same time assuring appellant that such had been his manner of treatment of Lang theretofore; that the statements of appellee as to his prior manner of treatment of Lang were false, and that he continued for a number of days, after making such assurances or promises, to enter the room of Lang and treat him, and that by reason thereof appellee conveyed such disease to appellant and his four minor children. The same count, therefore, relied upon two independent and wholly dissimilar causes of action which could not properly be joined in the same count, and made the same bad on general demurrer. If the amendment be treated as an independent count, it was subject to demurrer for the reason that it apparently states an action in assumpsit, relying as it does upon appellee's alleged failure to comply with promise not to enter the house or room of the small-pox patient, and counts in case and assumpsit cannot be joined in the same

declaration. After the demurrer was sustained to the second count as amended, the case proceeded to trial upon the first count above referred to, and resulted in a verdict in favor of appellee, and a judgment against appellant for costs.

Upon the trial the court, on motion of appellee, excluded certain testimony of appellant and two of his daughters, in relation to the conversations alleged to have been had by appellant with appellee on December 27, 1904, concerning the matters set forth in the amendment to the second count. As a demurrer had been sustained to the second count as amended, and the testimony in question related only to the matters relied upon in the amendment and did not tend to support the cause of action alleged in the first count, it was properly excluded. The complaint of appellant that the court erred in excluding the testimony of Otto Haas to the effect that appellee at one time came to his office from Lang's, and without getting out of his buggy, turned right around and drove to appellant's house, is not well founded, for the reason that the witness showed in his examination he did not know whence appellee came at that time, but was relying on what had been told him by some one else, and it was not shown by any testimony in the case that appellee did, as a matter of fact, at that time come from Lang's.

Appellee's instruction No. 4, which is complained of by appellant, stated in general terms the duty devolving upon physicians to adopt methods to prevent the spread of small-pox and could, by reason of being general in its terms and not specifically applied to the case, have been refused by the court. It, however, stated a general principle of law correctly, and the court committed no error in giving it.

There was evidence on the part of appellant tending to show that appellee did not take reasonable precautions and exercise reasonable care after leaving the house of Lang and before visiting appellant's wife, to prevent the spread of the disease, and also that appel-

lant and his said minor children were not exposed to the disease in any other way than through appellee. On the other hand, the evidence on the part of appellee tended to show that he took every reasonable precaution and care, by the removal of clothing worn at the house of Lang, by fumigation and the use of disinfectants, to prevent the spread of the disease before calling on appellant's wife, and also that appellant and his children were exposed to the disease through others than appellee, from whom they may have contracted it.

We are content with the finding of the jury upon the facts, and as the record discloses no errors of substantial importance in the trial of the cause, the judgment of the court below will be affirmed.

*Affirmed.*